UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

VONDELLE M. OVER,

        Plaintiff,

        v.                                     Case No. 24-cv-320-bhl

WAUPUN CORRECTIONAL INSTITUTION, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Vondelle M. Over, who is currently serving a state prison sentence at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Over's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Over has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Over has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $2.79. The Court will grant Over's motion for leave to proceed without prepaying the filing fee.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint

or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Over is an inmate at the Waupun Correctional Institution. Dkt. No. 1. Defendants are Waupun Correctional Institution, Warden Randall Hepp, Security Director Yanna Pusich, Security

Secretary Schmude, Captain Melissa Greil, Inmate Advocate Gessler, and Inmate Complaint Examiner (ICE) Kolb. *Id*. at 2-6.

On December 23, 2023, at around 9:00 a.m., Captain Kinnard (not a defendant) placed Over in Temporary Lock-up (TLU) following his trip to the Sweat Lodge. *Id*. at 2. A few days later, on December 28, 2023, Inmate Advocate Gessler went to TLU to speak to Over about Conduct Report #357566, which had triggered his placement in TLU. *Id*. Over explained that he was "set up" by an inmate in his housing unit so that the inmate could steal his belongings while he was away from his cell. *Id*. Over also told Inmate Advocate Gessler that he expected to be released from TLU within 21 days, on or before January 3, 2024, pursuant to §DOC 303.10(3), which provides,

> "The institution may not allow any inmate to remain in TLU more than 21 days, except that the warden may extend this period for up to 21 additional days. The administrator may extend an inmate's time in TLU for a second time. The security director or correctional center superintendent shall review the status of each inmate in TLU every 7 days to determine whether TLU continues to be appropriate."

§DOC 303.10(3). Inmate Advocate Gessler responded that Over's due process hearing was set for January 3, 2024, and she would advocate for his release at the hearing. Dkt. No. 1 at 2-3.

On January 3, 2024, at around 1:30 p.m., Captain Greil held the due process hearing on Over's conduct report. *Id*. at 3. Over argued that he should be released from TLU immediately because 21 days had passed. *Id*. Over complains that Inmate Advocate Gessler did not properly advocate for his immediate release at the hearing, as she said she would do; and Captain Greil acted like she didn't know about the 21-day release rule and unnecessarily required Over to show her a copy of the DOC policy. *Id*. Captain Greil then stated that she would contact Security Director Pusich about his release. *Id*.

Over was later released from TLU, but he does not specify how long he remained in TLU after the due process hearing. *Id*. at 4. Following his release, he filed inmate complaints about the issue. *Id*. at 4-6. Security Secretary Schmude, Warden Hepp, and ICE Kolb failed to acknowledge

3

his inmate complaints and appeals or altogether dismissed them. *Id*. For relief, Over seeks monetary damages. *Id.* at 7.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

To state a claim under the Fourteenth Amendment, Over must allege that the state deprived him of a liberty or property interest without due process of law. *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007) (citing *Rowe v. DeBruyn*, 17 F.3d 1047, 1053 (7th Cir. 1994)). A prisoner has no right to due process before being placed in TLU or "discretionary" segregation. *See Russ v. Young,* 895 F.2d 1149, 1154 (7th Cir. 1990) (noting that neither the United States Constitution nor the Wisconsin Administrative Code, which provides for inmate placement in TLU, creates a "protectable liberty interest in remaining in the general prison population."); *see Townsend v. Fuchs,* 522 F.3d 765, 771 (7th Cir. 2008) (noting that "inmates have no liberty interest in avoiding transfer to discretionary segregation—that is, segregation imposed for administrative, protective, or investigative purposes."). A prisoner may have a liberty interest in avoiding "disciplinary" segregation, but he must allege conditions that constitute an "atypical and significant hardship." *Sandin v. Conner*, 515 U.S. 472, 487 (1995). If conditions are "significantly harsher than those in the normal prison environment," then a liberty interest may arise. *Marion v. Columbia Correctional Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009). But up to six months in segregation "is not such an extreme term and, standing alone, would not trigger due process rights." *Id*. at 698.

Over alleges that Defendants violated his Fourteenth Amendment right to due process by keeping him in TLU for more than 21 days in violation of §DOC 303.10(3). However, Over has

4

no right to due process for the standard 21 days he spent in TLU pending investigation of his conduct report, *see Townsend,* 522 F.3d at 771, and his allegation that Defendants failed to follow DOC rules, procedures, or policy regarding TLU does not implicate a constitutional violation on its own. *See Archie v. City of Racine*, 847 F.2d 1211, 1216-17 (7th Cir. 1988) (explaining that a violation of state law is not itself a violation of the Constitution). Over may be able to trigger a liberty interest if he alleges and proves that (1) Defendants improperly extended his time in TLU such that it no longer served investigatory or administrative purposes *and* (2) the conditions of his confinement during that time were significantly harsher than those in the normal prison environment. But Over alleges no facts that would support such findings. Indeed, his allegations do not even explain how long he remained in TLU after his due process hearing, why he believes he remained there for so long, or the conditions of his confinement during that time. Therefore, Over fails to trigger a liberty interest under the Fourteenth Amendment; and the Court will dismiss the original complaint for failure to state a claim upon which relief can be granted.

The dismissal is not final, however. As a general matter, *pro se* plaintiffs are allowed at least one chance to amend an inadequately pleaded complaint. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021). The Court will therefore give Over an opportunity to file an amended complaint to cure the deficiencies described above. The Court will enclose a guide for *pro se* prisoners that explains how to file an amended complaint that the Court can effectively screen. The Court also will include a blank prisoner amended complaint form. The Court will require Over to use that form to file his amended complaint. *See* Civ. L. R. 9 (E.D. Wis.). Over is advised that the amended complaint must bear the docket number assigned to this case. The amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading."

5

*Id.* at 1057 (citation omitted). If Over files an amended complaint, the Court will screen it as required by 28 U.S.C. §1915A. If Over does not file an amended complaint, the Court will likely dismiss this case. Over can also voluntarily dismiss this case to avoid the possibility of incurring a strike under §1915(g).

## Conclusion

**IT IS THEREFORE ORDERED** that Over's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the original complaint is **DISMISSED** because it fails to state a claim. Over may file an amended complaint that complies with the instructions in this order by **May 28, 2024**. If Over files an amended complaint by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If Over does not file an amended complaint by the deadline, the Court will likely dismiss this case. Over can also voluntarily dismiss this case to avoid the possibility of incurring a strike under §1915(g).

**IT IS FURTHER ORDERED** that the Clerk's Office mail Over a blank prisoner amended complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Over shall collect from his institution trust account the **$347.21** balance of the filing fee by collecting monthly payments from Over's prison trust account in an amount equal to 20% of the preceding month's income credited to Over's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Over is transferred to another institution, the transferring institution shall forward a copy of this Order along with Over's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Over is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Over is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on April 26, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge