UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

VONDELLE M. OVER,

    Plaintiff,

    v.             Case No. 24-cv-320-bhl

WAUPUN CORRECTIONAL INSTITUTION, et al.,

    Defendants.

---

## DISMISSAL ORDER

---

    Plaintiff Vondelle M. Over, who is confined at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983 alleging that Defendants violated his civil rights. Dkt. No. 1. On April 26, 2024, the Court screened and dismissed the original complaint for failure to state a claim upon which relief could be granted. Dkt. No. 7. The Court concluded that serving 21 days in Temporary Lock-up (TLU), *i.e.*, "discretionary" segregation, pending an investigation into a conduct report did not trigger a "liberty" interest under the Fourteenth Amendment. *Id.* at 4-5. Nevertheless, the Court gave Over an opportunity to file an amended complaint to identify any new facts that could state a claim. *Id.* at 5. The Court noted that, if Over was placed in "disciplinary" segregation following his due process hearing on the conduct report, and the sentence was less than six months, he had to allege that the conditions of his confinement were "significantly harsher than those in the normal prison environment" in order to trigger a liberty interest under the Fourteenth Amendment. *Id.*; *see also Marion v. Columbia Correctional Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009).

On May 6, 2024, Over filed an amended complaint. Dkt. No. 8. Over realleges that he was placed in TLU for 21 days (between December 13, 2023 and January 3, 2024) pending an investigation into a conduct report. *Id*. at 2. He alleges that the disciplinary hearing on the conduct report occurred on the 21st day in TLU (January 3, 2024) and he was sentenced to "disciplinary" segregation for 90 days. *Id*. Over, however, still does not describe the conditions of his confinement during disciplinary segregation in any way sufficient to trigger a liberty interest under Seventh Circuit law. *See id*. at 2-3. Over states that his "purchased property" was stolen by other inmates while he was in TLU, so he did not have items that he wanted while in disciplinary segregation, but that circumstance does not establish harsh conditions of confinement. *See e.g.*, *Marion,* 559 F.3d at 697-98 (noting that examples of harsh conditions of confinement include denial of "virtually all sensory and environmental stimuli" and "little human contact"). Indeed, Over does not even identity what the stolen property was or whether they were items that could constitute basic human needs. Because Over's new allegations are still insufficient to trigger a potential violation of a bona fide liberty interest, he fails to state a claim under the Fourteenth Amendment.

Over also repeats his prior allegations that various individuals failed to follow DOC rules, procedures, or policy regarding his placement on TLU and/or during his disciplinary hearing. Dkt. No. 8 at 2-3. But as previously explained, a violation of state law is not itself a violation of the Constitution. *See Archie v. City of Racine*, 847 F.2d 1211, 1216-17 (7th Cir. 1988). Finally, Over also claims that Defendants somehow violated his Eighth Amendment rights, but he does not describe how the conditions of his confinement could have risen to the level of an Eighth Amendment violation either. Accordingly, the Court will dismiss this case for failure to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on May 13, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.